UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven D. Davis, # 068043, | ) C/A No.: 8:11-1367-JFA-JDA |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Officer A. Williams, Female; Officer Lomax, Male; Danielle Mitchell, Attorney for Dept. Of Social Services; Brenda Pivovarnik, | ) |
| Defendants. | ) |

Steven D. Davis, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Kirkland Reception and Evaluation Center, a facility run by the South Carolina Department of Corrections. Plaintiff filed this matter while he was held at the Greenville County Detention Center, and moves to proceed *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B), and Local Rule 73.02 (B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual Background

Plaintiff seeks damages, alleging Defendant Williams, an officer at the Greenville County Detention Center, opened and read his legal mail outside his presence in violation of institutional procedures and "federal law." Plaintiff also alleges that Defendant Lomax told him that "all the officers had read [his] legal court papers."

Plaintiff states he asked for a grievance form but was told that "the [officer's] conduct was not a grievance matter." Plaintiff believes his pending criminal case has now been compromised, thereby depriving him of a fair trial. Plaintiff also claims that another officer (Compagna, not a Defendant) told him he could not receive a grievance form unless

Plaintiff allowed him (Compagna) to make copies of his legal court papers. According to the Complaint, Plaintiff believes Defendants Mitchell and Pivovarnik should have hand delivered Plaintiff's legal papers to him, either sealed in a large brown envelope, or, by requiring a signature.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

Plaintiff alleges that the Defendants Mitchell and Pivovarnik should have required a signature or hand delivered Plaintiff's legal papers to him, sealed in a large brown envelope. These Defendants, however, are entitled to prosecutorial immunity because they were performing functions analogous to those of a prosecutor. In *Parkell v. South Carolina*, 687 F. Supp.2d 576 (D.S.C. 2009), the Court noted that prosecutors enjoy absolute immunity from Section 1983 suits for damages when the attorney acts within the scope of his prosecutorial duties, citing *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). The United States Supreme Court has held that a prosecutor's conduct in initiating prosecution and his conduct preliminary to the initiating of a prosecution are protected, as is the conduct within the courtroom wherein the prosecutor

acts as an advocate for the State. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). The Fourth Circuit has recognized that attorneys for the Department of Social Services are expressly afforded prosecutorial immunity. *See Weller v. Dept. of Social Services for the City of Baltimore*, 901 F.2d 387, 397 (4th Cir.1990).

In determining whether prosecutorial immunity is available, courts consider whether the challenged actions of the prosecutor are closely associated with the judicial process. *Burns v. Reed*, 500 U.S. 478 (1991). Prosecutorial immunity applies not only to the prosecutor himself, but extends to "officials performing certain functions analogous to those of a prosecutor." *Butz v. Economou*, 438 U.S. 478, 515, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Functions likely to be granted absolute immunity are those "integrally related to the judicial process." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993).

In this case, Defendants Mitchell and Pivovarnik sent legal papers to the Plaintiff, an act which is inextricably tied to the filing and subsequent prosecution of a court case. Furthermore, they were under no duty to deliver the papers to the Plaintiff in a particular manner, such as placing the legal papers in a brown envelope, or requiring that the Plaintiff sign for them. Consequently, Defendants Mitchell and Pivovarnik are absolutely immune from a suit for damages and should be summarily dismissed as parties to this action.

III.     Recommendation

Accordingly, it is recommended that the District Court dismiss Defendants Mitchell and Pivovarnik in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for

dismissal].

                 <u>s/Jacquelyn D. Austin</u>

                 Jacquelyn D. Austin
                 United States Magistrate Judge

June 28, 2011
Greenville, South Carolina

***<u>The plaintiff's attention is directed to the important notice on the next page.</u>***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).